**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 4:14CR 386 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| George Rafidi, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

### Introduction

This matter is before the Court upon defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 70). For the following reasons, the motion is DENIED.

### Facts

Following a trial, a jury found defendant guilty of assault on a federal officer and using or carrying a firearm during and in relation to a crime of violence. Attempting to serve a federal search warrant, agents knocked on the door of defendant's residence and loudly announced, "police, search warrant." Eventually, defendant came to the door with a handgun

1

and pointed it at the agents. One agent jumped off the front porch, and defendant pointed the gun at the other officers near the front door. Several shots were fired at defendant, who then retreated into the home. After commands to exit, defendant emerged and was arrested.

Defendant was sentenced to a total of 94 months of imprisonment on the two counts.

Defendant appealed his conviction and sentence, as well as this Court's denial of his motion for a new trial. The United States Court of Appeals for the Sixth Circuit affirmed.

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir.2005).

**Discussion**

Defendant asserts claims for ineffective assistance of counsel and violation of due process, and argues that his sentence must be corrected based on an intervening change in the law.

2

Defendant identifies eleven grounds in support of his motion relating to the representation of his co-counsel Dennis DiMartino and Mark Allenbaugh.[1] To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). Throughout, defendant also asks this Court to apply *United States v. Cronic,* 466 U.S. 648 (1984), which recognized that some performances are so likely to prejudice the defendant that prejudice may be presumed. "[S]uch instances are rare, however." *Phillips v. White,* 851 F.3d 567 (6th Cir. 2017) (citations omitted). "The presumption of prejudice from ineffective assistance may arise in three types of cases: (1) when the accused is denied the presence of counsel at a critical stage, resulting in the complete denial of counsel; (2) when counsel does not subject the prosecution's case to any meaningful adversarial testing; and (3) when counsel is placed in circumstances in which competent counsel very likely would be unable to render effective assistance." *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011). For the following reasons, defendant does not establish § 2255 relief based on ineffective assistance of counsel.

First, defendant maintains there was professional misconduct. Defendant asserts that DiMartino ignored his calls and letters prior to trial, extorted money from him, and failed to prepare for trial. Allenbaugh, who was retained one day prior to trial, was denied a

---

[1] He also raises claims that the cumulative effect of the errors prejudiced him. But, as discussed herein, his ineffective assistance of counsel claims fail. As noted by the Sixth Circuit, "[F]inding no errors to consider cumulatively even if such a task were within this Court's province, we reiterate that the Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief." *Millender v. Adams*, 376 F.3d 520, 529 (6th Cir. 2004)

continuance, received no discovery from DiMartino despite vigorous attempts, and had no time to adequately prepare. DiMartino made numerous erroneous decisions during trial.

Second, defendant points out that attorney Allenbaugh was suspended for two years in September 2014 from practicing in the Fourth Circuit Court of Appeals and in September 2015 for the same amount of time by the United States Patent and Trademark Office. Attorney DiMartino was indefinitely suspended as of February 17, 2016 from the practice of law by the Ohio Supreme Court. Neither attorney notified defendant of these suspensions or notified this Court that they were not in good standing. Additionally, defendant, who was "a long time acquaintance" of DiMartino, knew the latter to be an alcoholic.

Third, defendant argues that counsel failed to review and present exculpatory evidence, i.e., the FARO scan which had been made available for inspection to defendant by the government.

Fourth, counsel failed to request a mistrial concerning the sleeping juror. And, because counsel did not object to the Court's proposed solution regarding the juror or request that the Court take any further action, this issue was reviewed on appeal only for plain error.

Fifth, counsel failed to conduct a proper cross-examination of government witnesses. The evidence at trial showed that the glass on defendant's front door was opaque and, therefore, no one could see inside and defendant could not see outside. But, counsel failed to impeach the government witness's false testimony that he could see in the door when he had given an earlier statement that he could not see through the glass.

Sixth, counsel forced defendant to testify at trial and did not prepare him. Instead, he took the stand and was provoked by the prosecutor. Counsel told defendant after trial that the

judge said that the jury would have acquitted him had he not testified.

Seventh, defendant was convicted in violation of his right to an impartial jury where two jurors had close family members who were police officers and a potential juror had presumed defendant to be guilty. While that juror was excused, he exposed the entire jury to the bias.

Eighth, defendant maintains that his counsel was ineffective at sentencing. Defendant's sentence was enhanced pursuant to Sentencing Guideline 2A2.4 for bodily injury given that Agent Springer's shoulder injury sustained by jumping off the porch was a foreseeable result of defendant's actions. Defendant asserts that counsel should have argued that the injury was not a result of defendant's actions but that of Agent Bordonaro who fired the shots.

Ninth, counsel Allenbaugh failed to raise an ineffective assistance of counsel claim on appeal against counsel DiMartino.

Tenth, counsel failed to argue, present, challenge, or object to critical facts. In particular, counsel should have offered an expert witness as to defendant's hearing impairment. Counsel's own statements and his failure to object to the government's statements, as well as counsel's failure to introduce the floor plan of defendant's house all led the jury to believe that defendant was able to see out of his windows. Counsel failed to challenge the search warrant. Counsel failed to disclose that Agent Springer had a personal feud with defendant and that Agent Bordonaro was investigated for firing the shots. Counsel failed to argue that defendant was exercising his Second Amendment right to bear arms.

Eleventh, counsel should have moved for a change of venue due to media coverage.

For the following reasons, the Court agrees with the government that defendant has not

5

established ineffective assistance of counsel. Initially, the Court does not find that prejudice must be presumed under *Cronic.* Additionally, defendant does not show deficient performance or prejudice under *Strickland.*

First, defendant's allegations of "professional misconduct" are not supported by evidence or do not amount to ineffective assistance of counsel. Second, with regard to whether his attorneys were in good standing at the time they represented him, Allenbaugh had been suspended in the Fourth Circuit and from the Patent and Trademark Office, not from the Northern District of Ohio. DiMartino was suspended by the Ohio Supreme Court after defendant's trial had concluded here. Third, concerning exculpatory evidence, this Court and the Sixth Circuit have already determined that the FARO scan was not exculpatory. Fourth, the record does not show that this Court would have granted a mistrial due to the sleeping juror. And, even had counsel objected during trial to this Court's proposed solution regarding the juror, it is unlikely the Sixth Circuit's conclusion would have been different. Thus, no prejudice is demonstrated. Fifth, defendant argues that counsel should have cross-examined government witnesses regarding whether the glass on his front door was see-through. However, the actual door was an exhibit for the jury who could examine the glass for themselves. Thus, there was no prejudice. Sixth, defendant claims he was forced to testify and he was not prepared. Not only does this involve trial strategy, but the record shows that defendant was thoroughly examined by his attorney. Defendant has not shown that the jury would have acquitted him had he not testified. Seventh, defendant argues that he was prejudiced because two jurors were closely related to police officers, but both jurors upon questioning indicated they could be fair. Defendant further argues that he was prejudiced by a juror who showed bias against him, but

the Court excused the juror and reminded the jury of the presumption of innocence and burden of proof. Eighth, defendant's argument regarding the sentencing error is not cognizable on § 2255 review. Ninth, defendant claims that attorney Allenbaugh should have raised ineffective assistance of DiMartino's trial counsel on appellate review. But, such claims are generally not cognizable on direct review, and defendant fails to specifically state what grounds Allenbaugh should have raised. Tenth, defendant's assertions regarding counsel's various deficiencies concerning certain trial arguments and facts are insufficient to show that the outcome of the trial would have been different had counsel raised these arguments. Finally, defendant asserts that his counsel should have moved for a change of venue. However, not only has defendant not shown a substantial amount of media coverage, but defendant was tried in Cleveland, not Youngstown where people were allegedly familiar with him. For these reasons, defendant fails to demonstrate the ineffective assistance of counsel.

Aside from the ineffective assistance of counsel, defendant argues that an intervening change in the law requires that defendant's sentence be corrected as to the 10 month term on Count One. But, the Court's consideration of defendant's sentence on Count One would not have been different in light of the intervening law given that the Court already considered the mandatory minimum sentence and sentenced defendant well below the guideline range on this count.

Finally, defendant filed a supplemental brief asserting an additional ground for relief. The supplemental claim asserts that defendant's due process rights were violated when the government presented false evidence at trial and his counsel was ineffective for failing to raise this issue. However, there is no evidence that the testimony was false and the jury was able to

weigh the witnesses's credibility because they were all subject to cross-examination. Additionally, defendant asserts that the FARO scan was tampered with after trial. But, the letter defendant provides in support of this argument does not show tampering. Additionally, defendant does not show that exculpatory evidence was removed given that the Sixth Circuit has already acknowledged that the FARO scan was properly disclosed prior to trial.

### Conclusion

For the foregoing reasons, defendant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 11/29/17